# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:04CV104-1-V
# 5:02CR37-1-V

| | |
|---|---|
| SMITH LATRAIL TURNER, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment, filed November 22, 2004.

For the reasons set forth below, Respondent's Motion for Summary Judgment is granted and Petitioner's Motion to Vacate is dismissed.

## PROCEDURAL HISTORY

On September 10, 2002, Petitioner was indicted on one count of conspiracy to possess with intent to distribute and to distribute five kilograms or more of cocaine and fifty grams or more of cocaine base. On November 30, 2002, Petitioner executed a non-attribution agreement in which he agreed to freely and voluntarily make a statement to agents in the presence of his attorney, in order to further plea discussions. On April 17, 2003, Petitioner, through his attorney, entered a plea of guilty. In his plea agreement, Petitioner expressly agreed "to enter a voluntary plea of guilty to Count One as set forth in the Bill of Indictment, and admit[ted] to being in fact guilty as charged in that Count." (Plea Agr. ¶ 1). Petitioner also stipulated that the amount of cocaine base that was known

or reasonably foreseeable by him was at least 500 grams but less than 1.5 kilograms. (Plea Agr. ¶ 2). On May 14, 2003, Petitioner entered a guilty plea at his Plea and Rule 11 hearing. (Entry and Acceptance of Guilty Plea Form, No. 21). He further admitted that he had received a copy of the Indictment and had reviewed it with his attorney and discussed possible defenses with his attorney. (Entry and Acceptance of Guilty Plea Form, Nos. 8, 29). Petitioner also stated that he was happy with the services of his attorney. (Entry and Acceptance of Guilty Plea Form, No. 30).

On August 18, 2003, after granting a downward departure motion made by the Government, this Court sentenced Petitioner to 200 months imprisonment. Petitioner did not directly appeal his sentence or conviction.

On September 8, 2004, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence with this Court. In his Motion to Vacate Petitioner alleges that his counsel was ineffective because he failed to conduct a pre-sentence investigation which would have enabled counsel to advocate for a "diminished capacity" downward departure at sentencing.

## **ANALYSIS**

Petitioner's contention that he received ineffective assistance of counsel is governed by the holding in Strickland v. Washington, 466 U.S. 668, 687-91 (1984). In Strickland, the Supreme Court held that in order to succeed on an ineffective assistance of counsel claim, a petitioner must establish that counsel's performance was constitutionally defective to the extent it fell below an objective standard of reasonableness, and that he was prejudiced thereby, that is, there is a reasonable

probability that but for the error, the outcome would have been different. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; Fields v. Attorney General of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 474 U.S. 865 (1995). Petitioner bears the burden of proving Strickland prejudice. Fields, 956 F.2d at 1297. If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Id. at 1290.

Moreover, a petitioner who alleges ineffective assistance of counsel following the entry of a guilty plea has an even higher burden to meet. Hill v. Lockhart, 474 U.S. 52, 53-59 (1985). When a petitioner challenges a conviction entered after a guilty plea, in order to establish the requisite prejudice, such a petitioner must show that "there is a reasonable probability that but for counsel's errors he would not have pleaded guilty and would have insisted on going to trial." Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. ), cert. denied, 488 U.S. 843 (1988).

Petitioner alleges that his counsel was ineffective because he failed to conduct an appropriate investigation into Petitioner's mental health background for defense purposes at sentencing. Petitioner argues that had his counsel properly investigated his case he would have discovered grounds for arguing for a diminished capacity downward departure.

Petitioner contends, and his counsel freely admits, that he informed counsel that he had difficulty reading and writing and that he had been placed in special education classes throughout his school years. (Winthrop Aff. ¶¶ 5, 7). Such assertions,

3

however, are not sufficient to automatically require an investigation into a defendant's mental capacity. This is particularly true when the decision not to investigate further is based upon personal observations negating the need for such course of conduct. In the instant case, counsel sets forth in his affidavit that based upon his interactions with Petitioner he concluded that he understood his involvement in the conspiracy and the criminal process he found himself in." (Winthrop Aff. ¶¶ 5, 7).

Moreover, even if counsel were ineffective for failing to investigate Petitioner's mental capacity, the evidence presented by Petitioner simply does not support a finding that such a motion would have succeeded. Section 5K2.13 of the United States Sentencing Guidelines sets forth that, in some circumstances, a sentence below the applicable guideline range may be warranted if the defendant suffers from a significantly reduced mental capacity and the significantly reduced mental capacity contributed substantially to the commission of the offense. The guidelines define "significantly reduced mental capacity" as a defendant who has "a significantly impaired ability to (A) understand the wrongfulness of the behavior comprising the offense or to exercise the power of reason; or (B) control behavior that the defendant knows is wrongful." U.S.S.G. § 5K2.13, comment (n.1).

Petitioner's own affidavit fails to demonstrate that he did not understand the wrongfulness of his behavior or that he was unable to control his wrongful behavior. Petitioner concedes that he "may have known that it is wrongful to deal drugs." (Pet. Mot. to Vac. p. 4). Such concession leaves Petitioner to argue that he could not control such behavior.

4

In support of his contention that he could not control his behavior, Petitioner cites to the fact that he has a learning disability, he did poorly in school, his family was welfare dependent, and he was exposed to drugs at an early age. (Turner Aff. ¶¶ 1-3). Petitioner states that he was teased while growing up because of his learning disability and that it was not until he became a drug dealer that he garnered respect. (Turner Aff. ¶ 4). Petitioner further elaborates that "[i]n other words being a drug dealer made me feel accepted and respected in my neighborhood and people for the first time in my life treated [me] as if I was somebody, which had a powerful affect [sic] on me." (Turner Aff. ¶ 4). Petitioner thus concludes that he could not control his behavior of selling drugs because "it was the only way that [he] knew to fit in, in the type of environment [he] lived in." (Turner Aff. ¶5).

Although the Court is sympathetic to the hardships of Petitioner's childhood and to the difficulties he encountered as a result of his learning disability, these facts do not support the conclusion that he could not control the wrongfulness of his behavior. That is, contrary to Petitioner's contention, the desire for social acceptance cannot be used to justify criminal behavior. This is true even if, as in Petitioner's case, the criminal act compensates for a mental deficiency. To hold otherwise would be to make available the diminished capacity downward departure to every defendant who was a poor student in a tough neighborhood and asserted that they dealt drugs to be accepted.

Petitioner argues in his response to Respondent's Motion for Summary Judgment that he cannot obtain the necessary affidavits to prove prejudice and therefore requests an evidentiary hearing. The burden for establishing prejudice in an

5

ineffective assistance of counsel claim, however, is on the Petitioner. See Fields, 956 F.2d at 1297(Petitioner bears the burden of proving Strickland prejudice). As detailed above, Petitioner's own assertions in his Motion to Vacate lead this Court to conclude that he would not qualify for a diminished capacity downward departure. Petitioner's request for an examination by a psychiatrist is beyond the scope of this proceeding, but in any event he has not established a basis on which such a request might be deemed meritorious.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment is **GRANTED**; and

2. Petitioner's Motion to Vacate, Set Aside, or Correct Sentence is **DISMISSED**.

Signed: February 9, 2006

Richard L. Voorhees
Chief United States District Judge